BLD-156                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1052
_____

DR. MAXIMO GOMEZ NACER,
                                            Appellant
v.

JERRY CAPUTO, Assistant Superintendent
of Human Resources UCBOE, Union City, NJ

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-04494)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 5, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed :  April 19, 2012)
_____

OPINION
_____

PER CURIAM

Dr. Maximo Gomez Nacer appeals pro se from the District Court's entry of

summary judgment in favor of the defendant, Jerry Caputo.  We will affirm.

I.

Dr. Nacer filed suit pro se in New Jersey state court against Caputo, the Assistant

1

Superintendent of the Union City, New Jersey Board of Education (the "Board"). Dr. Nacer alleges that Caputo terminated his eligibility for substitute high school teaching assignments because of his Cuban ancestry and in retaliation for his filing of a claim with the Equal Employment Opportunity Commission ("EEOC"). Dr. Nacer's complaint also includes a number of unrelated allegations concerning his inability to pursue various professional opportunities, deficiencies in the educational system in general, and a patent on what he calls "Gravity Buoyancy Technology."

Caputo removed the suit to federal court on the basis of federal subject matter jurisdiction. See 28 U.S.C. §§ 1331, 1441(a). Caputo answered the complaint and the parties engaged in discovery, which included both their depositions. After the close of discovery, Dr. Nacer sought leave to add the Board as a defendant, which the District Court denied. Caputo eventually filed a motion for summary judgment. Dr. Nacer opposed it with a series of motions for a "speedy trial," which did not marshal any evidence in support of his claims or otherwise respond to the relevant issues. The District Court nevertheless addressed Dr. Nacer's claims on the merits and, on November 30, 2011, entered summary judgment in Caputo's favor. Dr. Nacer appeals.[1]

II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's entry of summary judgment de novo. See Renchenski v. Williams, 622 F.3d 315, 324 (3d Cir. 2010). "'Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" Id. (citation omitted). In opposing the motion, the nonmovant must come forward with "'enough evidence . . . to enable a jury to reasonably find for the nonmovant[.]'" Id. (citation omitted). We review for abuse of discretion the District Court's denial of leave to amend a complaint, see id. at 324-25, and its discovery rulings, see LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 235 (3d Cir. 2007).

2

The District Court properly construed Dr. Nacer's complaint to raise claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, et seq. As to the discrimination claim, the District Court explained that Title VII does not impose liability on individual employees like Caputo. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). The District Court also explained that Dr. Nacer (1) had not made out a prima facie case by presenting evidence of any nexus between his termination and his Cuban ancestry, and that even if he had he (2) failed to present evidence rebutting the legitimate, non-discriminatory reason for his termination that Caputo articulated—i.e., the request of two schools that Dr. Nacer no longer be assigned to them, one of which complained about his performance and came the day before his termination. See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (discussing burden-shifting framework under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). As to the retaliation claim, the District Court explained that Dr. Nacer presented no evidence that Caputo even knew about the EEOC complaint (which Caputo denies) when he removed Dr. Nacer's name from the substitute teacher list. Finally, the District Court explained that there was no nexus between Dr. Nacer's remaining allegations and any alleged conduct by Caputo.

We see no basis to disturb these conclusions. Dr. Nacer refers on appeal to exhibits that purportedly support his claim, but the "speedy trial" motions he filed in opposition to summary judgment do not marshal any evidence or make any showing on the merits of his claims (which he appears to have attempted to do for the first time in his notice of appeal). Dr. Nacer's filings instead consist largely of extraneous assertions

about the United States educational system in general and his "Gravity Buoyancy Technology." Cognizant of Dr. Nacer's pro se status, we have liberally reviewed his filings. We discern only two potentially relevant arguments, and each lacks merit.

First, Dr. Nacer argues that, when he went to Caputo's office to discuss the termination, Caputo directed him to "leave the building" because "you have a lawsuit against us." Dr. Nacer does not explicitly make the argument, but he presumably believes that Caputo's alleged statement is evidence of a retaliatory motive. As the District Court explained, however, Caputo denies that he even knew about the EEOC complaint when he terminated Dr. Nacer's eligibility for assignments, and Dr. Nacer has presented no evidence to the contrary. Caputo's alleged statement does not constitute such evidence. According to Dr. Nacer's own recitation of the facts, he filed his EEOC complaint on October 1, 2009, Caputo terminated his access to substitute teaching assignments on or about December 18, 2009, and Caputo made his statement about the lawsuit at some time thereafter.[2] Caputo's alleged statement thus does not raise an inference that he knew about the EEOC complaint when he terminated Dr. Nacer's eligibility for teaching assignments, and consequently does not raise an inference of retaliation.

Second, Dr. Nacer asserts that the District Court should have permitted him to add the Board as a defendant. This argument might have some merit if the District Court had

---

[2] Dr. Nacer does not argue that the temporal proximity of his termination to his EEOC complaint is sufficient to raise a genuine issue for trial, and it is not. See LeBoon, 503 F.3d at 232-33 (explaining that three-month period between EEOC complaint and adverse action was not "unusually suggestive" of retaliation and was insufficient to create genuine issue of material fact).

disposed of Dr. Nacer's claims on the sole ground that Caputo is not individually liable under Title VII. The District Court went on to explain, however, why Dr. Nacer had not raised a genuine issue of material fact on his underlying claims. Dr. Nacer has provided no reason to believe that the addition of the Board as a defendant (which he first requested after discovery had closed) prejudiced his ability to make his case. He does not argue, for example, that he was unable to obtain any particular evidence only because the Board was not a party. And the only discovery he claimed to require from the Board in the District Court was information regarding curricula and job-creation that appears related solely to his non-actionable complaints about the educational system in general. Dr. Nacer also did not file a Rule 56(d) affidavit in opposition to summary judgment or anything that the District Court might have construed as such an affidavit. Thus, the District Court did not abuse its discretion in denying Dr. Nacer's request to add the Board as a defendant.

For these reasons, we will affirm the judgment of the District Court.